NO. 07-06-0048-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 29, 2006

_____

DAVID I. SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,438; HON. CECIL G. PURYEAR, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, David I. Smith, appeals his conviction for possessing, with intent to deliver, a controlled substance (cocaine) in a drug free zone. His two issues involve the legal sufficiency of the evidence to sustain his conviction and the trial court's admission of an extraneous offense. We affirm the judgment.

### *Issue 1 - Legal Sufficiency*

In his first issue, appellant complains of the legal sufficiency of the evidence by contending that the testimony of the only witness to the drug sale was not sufficiently corroborated. Furthermore, corroboration was required since the witness, Dorothy Wilbon, was a confidential informant of the police. We overrule the issue.

According to statute, a defendant may not be convicted of the offense with which appellant was charged on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of the police unless the testimony is corroborated by other evidence tending to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.141(a) (Vernon 2005). In assessing whether this requirement was satisfied, we ignore the informant's testimony and instead examine the record to see if any other evidence tended to connect the accused to the offense. *Dennis v. State,* 151 S.W.3d 745, 749 (Tex. App.–Amarillo 2004, pet. ref'd); *Young v. State,* 95 S.W.3d 448, 451 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). This other evidence need not directly link the defendant to the crime or establish his guilt beyond a reasonable doubt. *Young v. State,* 95 S.W.3d at 451. It need only connect him to the offense. Furthermore, we review the corroborating evidence in the light most favorable to the verdict. *Dennis v. State,* 151 S.W.3d at 749.

Ignoring the testimony of Wilbon, we still have that of Officers Michelle Holder and Walter Scott. Holder testified that Wilbon was to purchase drugs from a person named "Spunk." She further stated that she met up with Wilbon on June 14, 2004, searched her for money, weapons, or contraband, and fitted her with a recording device. Holder then

2

drove Wilbon to an apartment complex, gave her $200, and dropped Wilbon off. Shortly thereafter, Wilbon came back to Holder's vehicle with crack cocaine.

In turn, Scott informed the jury that Wilbon indicated to him she could purchase crack cocaine from a person named Spunk. According to police records, that name referred to appellant. Scott also had Wilbon view a photo spread, and she identified appellant as Spunk. So too did Scott and his men conduct visual surveillance of Wilbon after she left Holder. Wilbon was seen walking through the apartment complex to an apartment. She talked to people at the abode while waiting for appellant to return. Soon, appellant arrived, and as he did, a child could be heard saying, "What's up, Spunk?" Thereafter, Wilbon left the apartment and was seen entering a vehicle with appellant who Scott recognized. Additionally, the vehicle's license plate was traced to a woman known to be appellant's girlfriend. Wilbon also was heard indicating to appellant that she was buying the cocaine for someone else and that she was going to make money off the transaction. So too was she heard counting the money in appellant's presence and requesting from him something in which to put the drugs.

The testimony of Holder and Scott was more than ample to connect appellant to the offense. *See Dennis v. State, supra* (finding the corroborating evidence sufficient when the informant and his vehicle were searched prior to the purchase, the defendant was observed coming out of a house and approaching the informant's vehicle, the informant called the defendant by name, words on an audio recording indicated the exchange of a substance for $400, the officer identified one of the voices on the tape as the defendant's, and when the informant returned to the officer he gave him cocaine); *Jefferson v. State,* 99 S.W.3d 790, 792-93 (Tex. App.–Eastland 2003, pet. ref'd) (holding the corroborating

3

evidence sufficient even though the informant went by herself to a house to make the purchase since she had been searched before she left, the officer watched her go into the house, a recording was made of the transaction, the officer testified that the defendant's voice was on the recording, and the informant gave the officer cocaine when she returned to his vehicle). And, while appellant's voice was not identified, he nonetheless was visually identified by an officer as entering the vehicle in which the transaction occurred.

### *Issue 2 - Extraneous Offense*

Appellant next contends that the trial court erred in admitting evidence of another sale of cocaine by him to Wilbon four days after the June 14, 2004 buy.[1] The evidence was purportedly inadmissible under both Texas Rules of Evidence 404(b) and 403. We overrule the contention.

Evidence of extraneous offenses or bad acts may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). And, whether the trial court correctly admitted such evidence depends on whether it abused its discretion. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). That is, if the decision came within the zone of reasonable disagreement, then it was not wrong. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Here, appellant concedes that "[t]rial counsel could have arguably raised the issue of whether [he] [a]ppellant committed the act he was accused of through cross-examination

---

[1]To the extent that appellant complains on appeal of the procedure used by the trial court in ruling on the admissibility of the evidence at a pretrial hearing, he failed to make such a complaint to the trial court and thereby waived any error.

of the State's witnesses." Indeed, in attempting to discredit the testimony of Wilbon and Scott identifying him as the seller during the June 14th sale, he place the issue of identity into play.

Next, it is true, as contended by appellant, that before evidence of an extraneous offense can be used to establish identity, the extraneous offense "must be so similar to the offense charged that the offenses are marked as the accused's handiwork." *Lane v. State*, 933 S.W.2d at 519; *accord Johnson v. State*, 68 S.W.3d 644, 651 (Tex. Crim. App. 2002) (stating the same). Yet, there are several ways to satisfy this requirement. It may be done through proof of a common *modus operandi* or through proof of proximity in time and place. *Lane v. State*, 933 S.W.2d at 519. Moreover, the similarities between the offense for which the accused is being tried and the extraneous offense are sufficient if they make the latter relevant to the issue of identity. *Jimenez v. State*, No. 08-05-0046-CR, 2006 Tex. App. LEXIS 9282 at *18 (Tex. App.–El Paso, October 26, 2006, no pet. h.); *Thomas v. State*, 126 S.W.3d 138, 144 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd). For example, in *Ranson v. State*, 503 S.W.2d 810 (Tex. Crim. App. 1974), the extraneous offense was deemed admissible on the issue of identity since the same offense was committed both times, they occurred within a three-day period in the same city, and appellant (who was identified as participating in both) had a confederate in both. *Id.* at 813. The court in *Jimenez* also found the evidence admissible since the crimes were the same, the appellant was identified as participating in both, they occurred within a month of each other at dark in the same neighborhood, the same type gun was used, and the accused shot at his victims as they fled. *Jiminez v. State,* 2006 Tex. App. LEXIS 9281 at

5

*18. In each instance, the evidence may not have been of the ilk to show that the accused and only the accused could have done both. Instead, the similarities in manner, place, and time were enough to allow the trial court to reasonably infer that if he committed the extraneous offense, then he also committed the crime underlying his current prosecution. And, the same is true here.

First, we have a close proximity in time between the two offenses; only four days had lapsed. The proximity of location between the two is also remarkable; both drug transactions occurred around the same apartment complex on the 2100 block of East 4th Street. So too were the crimes the same, *i.e.* a drug sale, and appellant was spied at each by the same police officer. Moreover, both transactions occurred within a vehicle controlled by appellant, the buyer and seller were alone during the transaction, the deals were completed in a very short period of time, and the contraband purchased was the same in each instance. These similarities between the two crimes suffice to render the extraneous evidence relevant on the issue of identity. Thus, we cannot say the trial court abused its discretion in concluding that the requirements of Rule 404(b) were satisfied.

As for the allegation that the relevance of the evidence was substantially outweighed by its alleged prejudice, we are told to consider four factors when deciding whether the trial court correctly ruled upon the Rule 403 objection.[2] They consist of assessing 1) whether the evidence compellingly made a fact of consequence more or less probable, 2) what the potential was for the evidence to impress the jury in some irrational, yet indelible, way, 3)

---

[2]According to Texas Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or of needless presentation of cumulative evidence.

6

how much time was spent developing the evidence, and 4) how great was the need for the evidence. *Lane v. State*, 933 S.W.2d at 520. Assessment of those criteria here leads us to no Rule 403 violation.

First, we again note that identity was at issue, and the similarity between the crimes noted above did much to identify appellant as the dealer in both instances. Thus, it can be said that the evidence in dispute was sufficiently compelling to make more probable a fact of consequence. Next, the trial court attempted to minimize the risk of the evidence causing an irrational impression by restricting the topics on which the jury could consider it. Third, while the extraneous offense was established through the testimony of two witnesses, they spoke about many other matters and were only two of the seven individuals to testify during the guilt/ innocence phase of the trial. So, a disproportionate amount of time was not spent developing the extraneous offense. Regarding the last criteria, we note that appellant wholeheartedly endeavored to discredit Wilbon, a drug abuser, as part of his trial strategy. Moreover, she was the sole eyewitness to the actual, initial drug transaction. This provided the trial court with reasonable basis to conclude that while the need for the evidence may not have been dire, it nonetheless existed. So, in sum, we cannot say that the trial court's decision to overrule the Rule 403 complaint fell outside the zone of reasonable disagreement and constituted an instance of abused discretion.

Having overruled each issue of appellant, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.

7