NO. 07-05-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 30, 2007
_____

EDWIN LADELL SMITH, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5263; HON. KELLY G. MOORE, PRESIDING
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Edwin Ledell Smith brings this appeal from his conviction of the felony offense of aggravated sexual assault. We will affirm the conviction.

Two indictments, each containing two counts, charged appellant with aggravated sexual assault of the same thirteen-year-old victim on four different dates. The indictments also alleged a prior felony conviction. At appellant's trial in cause number 5263 the State abandoned the second count but informed the defense of its intent to offer evidence of the three acts of sexual intercourse for which appellant was not being tried "pursuant to the

Code of Criminal Procedure."[1]  Appellant objected to the evidence on grounds of relevance and that it "heaps great prejudice on the defendant."  The trial court overruled appellant's objection but granted appellant's request for a limiting instruction.  The jury found appellant guilty as charged in the indictment.  Punishment was assessed by the trial court at 30 years confinement.

Appellant's first issue assigns error to the overruling of his objection that the prejudicial effect of extraneous offense evidence substantially outweighed its probative value.  His second issue addresses harm resulting from the assigned error.

The State does not challenge appellant's view that his objection to relevance of the extraneous offense evidence and the "great prejudice" it would cause informed the trial court appellant sought exclusion of the evidence under Rule of Evidence 403.  Although the objection on which appellant now relies was not made after the court determined the evidence was relevant and did not mention Rule 403 or suggest the "great prejudice" substantially outweighed the probative value of the evidence, we will assume the objection was adequate.  *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App. 1990) (Rule 403 objection should be made in addition to relevance objection under Rule 404(b)).  Nor did appellant's failure to reassert his objections when evidence of the other events was introduced result in forfeiture.  Having made the objections out of the presence of the jury,

[1] Subsequent discussion shows the State relied on article 38.37 of the Code of Criminal Procedure allowing admission of other crimes by a defendant against the same child victim in certain classes of cases, including sexual assault.  Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon 2005).  The statute makes the evidence admissible to show the state of mind of the defendant and the child and their previous and subsequent relationship, "[n]otwithstanding rules of evidence 404 and 405."

he was not required to reassert them before the jury. Tex. R. Evid. 103(a)(1); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex.Crim.App. 2003).

The parties agree we must review the trial court's ruling for abuse of discretion. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id.* To evaluate appellant's contention the trial court abused its discretion in its application of the balancing test required for a ruling on a Rule 403 objection, we apply the factors discussed in *Montgomery*, 810 S.W.2d at 389-90, and listed in *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex.Crim.App. 2000). Appellant contends that all the listed factors, with the "possible exception" of the time it took to develop the evidence, weigh against admissibility of evidence of the other incidents of sexual intercourse. We disagree.

Appellant's case was presented through cross-examination of the State's witnesses, and focused on contesting the credibility of the victim and her friends. During cross-examination of the State's first witness, Brownfield police officer Clint Jackstas, for example, defense counsel adduced testimony that the victim was in police custody and was "in trouble" when she first told her mother and the officer of her sexual relationship with appellant.[2] Such testimony would suggest to the jury that the victim's statements against appellant were fabrications, intended to divert attention from her own troubles with law enforcement authorities. That theory is easier to argue if the jury heard evidence only of a one-time sexual encounter between appellant and the victim than if the jury is made

---

[2] Jackstas testified he placed the runaway victim in handcuffs to impress upon her "the fact she was in trouble."

aware of multiple acts of sexual intercourse between them. Consistent with the statutory provision that such evidence is admitted for its bearing on the relationship between appellant and the victim, the evidence that appellant engaged in sexual intercourse with the victim more than once thus serves to counter his attack on her credibility. Considered in light of appellant's defensive strategy, the evidence has significant probative value. *See Wyatt*, 23 S.W.3d at 26 (one factor in balancing test is degree to which extraneous offense evidence serves to make a fact of consequence more or less probable).

Appellant argues the evidence he committed the extraneous offenses was weaker than the evidence of the tried offense. We agree the references in testimony to the "Tahoka Road" incident lacked important details, but the victim testified she and appellant "had sex again" in the Budget Inn room. Her testimony was supported, to a degree at least, by her friend's statement that the victim and appellant were in bed together in the room. The extraneous offense testimony was not so weak as to require its exclusion. *See id*.

We do not agree with appellant that the evidence of the extraneous acts of sexual intercourse had significant potential to impress the jury "in some irrational but nevertheless indelible way." *Wyatt*, 23 S.W.3d at 26. He is unable to identify any specific way in which the evidence may have improperly impressed the jury. *See Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex.Crim.App. 2006) (discussing possible bases for unfair prejudice). The trial court's limiting instruction minimized the risk of such irrational impressions. *See Smith v. State*, 211 S.W.3d 476, 480 (Tex.App.-Amarillo 2006, no pet.) (noting that consequence of limiting instruction). By the victim's testimony, the extraneous acts of

4

intercourse differed from the tried offense only in their locations and dates. Her terse descriptions of the acts varied little.

As appellant's brief notes, the evidence of the extraneous offenses generally was presented along with that of the tried offense. The time the State devoted to the extraneous offenses is not a significant factor in the Rule 403 balancing test in this case, nor do we think there was a significant risk here of distracting the jury from consideration of the offense being tried. *Wyatt*, 23 S.W.3d at 26.

Appellant lastly argues the State had little need for the extraneous offense evidence. Again, we disagree. As noted, in our view, the trial court reasonably could have determined appellant's challenge to the victim's credibility supported the State's need for the evidence of their multiple sexual encounters. *See* Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon 2005) (making such evidence admissible to show relationship between defendant and the child).

Finding the record fails to show the trial court abused its discretion by admitting the extraneous offense evidence, we overrule appellant's first issue. Disposition of this issue obviates the need to address his second issue. We affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.


5