NO. 07-06-0397-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2008
_____

BAILEY R. WHITFIELD, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-404942; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Bailey R. Whitfield, Jr., appeals his conviction for possession with intent to deliver a controlled substance, cocaine, of less than one gram, within a drug free zone and subsequent punishment of thirty years confinement in the Texas Department of Criminal Justice, Institutional Division. Through two issues, appellant contends that the trial court committed reversible error in granting the State's challenge for cause of a prospective juror and that the evidence was insufficient to corroborate the evidence provided by a confidential informant. We affirm.

Procedural and Factual Background

Lubbock Police initiated an investigation into cocaine trafficking at a residence located at 104 North Zenith in the City of Lubbock. Police used a confidential informant, CI, to purchase the cocaine. The CI was fitted with a listening device and sent to the residence where she made contact with an individual in the front yard. The conversation of the transaction was also recorded on a tape recorder. The identity of the person contacted was not known to the police and they were unable to hear the name when given. The person contacted went inside the house and came out with the contraband. When the CI asked his street name, the suspect gave the name of "Little Bailey," which the surveillance officers did hear.

Subsequent to the purchase of cocaine, attempts were made to ascertain the name of the individual identified as "Little Bailey." Agent Riddle[1] was able to determine that the street name belonged to appellant. At trial, Officer Johnson was able to identify appellant's voice as that of the individual he heard during the drug transaction with the CI.

At trial, during general questions of the jury panel, venire person Farthing related an incident involving a family member that had resulted in a negative opinion of law enforcement officers. Later, Farthing was questioned individually at some length regarding her opinions about law enforcement officers in general and Lubbock Police Officers in particular. Again, Farthing related an incident involving a member of her family that

---

[1] At the time of the transaction, Agent Riddle was a patrol officer on the LPD. By the time of trial, he had joined the Bureau of Alcohol, Tobacco and Firearms of the Treasury Department.

resulted in a negative opinion of law enforcement officers. She admitted that she did not know any of the names of the police officers that would testify in appellant's case. However, in the final analysis, she stated to the trial court that based on her experience she would rather call someone other than the police if she were hurt and in need of assistance. The result was a challenge for cause by the State that was granted.

Appellant contends via two issues that:

1) the trial courts granting of the State's challenge for cause was an abuse of discretion and harmful, and

2) the evidence was insufficient to corroborate the testimony of the CI and connect the appellant to the commission of the offense charged.

Challenge for Cause

When reviewing an alleged error involving jury voir dire, we are directed to review the actions of the trial court under an abuse of discretion standard. See Kemp v. State, 846 S.W.2d 289, 297 (Tex.Crim.App. 1992). We will reverse only when the trial court's decision was so clearly wrong as to be outside that zone within which reasonable persons might disagree. Id. (citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)).

It is appellant's contention that the granting of the State's challenge for cause as to Farthing amounted to an abuse of discretion that resulted in harm to appellant. Appellant and the State both properly direct the court to the Code of Criminal Procedure for guidance on the question of challenges for cause. See TEX. CODE CRIM. PROC. ANN. art. 35.16

3

(Vernon Supp. 2006).[2]  However, the interpretation of this provision by appellant is much more restrictive than that posited by the State.  Appellant contends that none of the questions asked of Farthing were directed to issues regarding whether the proposed juror had a bias or prejudice against any phase of the law the State was entitled to rely on for conviction.  Article 35.16(b)(3).  The State, on the other hand, posits that the questions asked of and answers given by Farthing go to the subject matter of art. 35.16(b)(3), that is, they demonstrated a bias or prejudice against a phase of the State is entitled to rely.  Art. 35.16(b)(3).  Mays v. State, 904 S.W.2d 920, 924 (Tex.App.–Fort Worth 1995, no pet.)  However, we need not accept the interpretation of either party for a challenge for cause may be granted on grounds not specifically enumerated in art. 35.16.  Allridge v. State, 850 S.W.2d 471, 484 (Tex.Crim.App. 1991).  This is especially true where the basis for the challenge is that the prospective juror is incapable or unfit to serve.  Id.  Such decisions are left to the sound discretion of the trial judge.  Id. at 484-85.  In the case before this court, the prospective juror had very serious doubts about believing a police officer, based upon her family's experience.  The trial judge heard Farthing's answers to the questions asked and observed her demeanor as she answered those questions.  He was in the best place to make a determination about her fitness to serve.  See Kemp 846 S.W.2d at 291.  Appellant argues that the answers given by Farthing indicated she could serve, however, these answers only serve to place Farthing in the category of a vacillating juror and, it is clear that in such circumstances, we view the trial court's decision with great deference.  Rachal v. State, 917 S.W.2d 799, 810 (Tex.Crim.App. 1996).  Viewing the action of the trial

---

[2] Future references to the Tex. Code Crim. Proc. Ann. will be by art.____.

4

court with the deference required, we cannot say that sustaining the State's challenge for cause was an abuse of discretion. Kemp, 846 S.W.2d at 297. Accordingly, appellant's first issue is overruled.

## Sufficiency of the Evidence

Appellant next contends that the evidence is legally insufficient to corroborate the confidential informant's testimony. The applicable statute is article 38.141 which provides:

> (a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

> (b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

Art. 38.141(a),(b). To evaluate the evidence for corroboration, we must first eliminate the testimony of the CI and review the record to determine if there is other evidence to sufficiently connect appellant to the commission of the offense. Smith v. State, 211 S.W.3d 476, 478 (Tex.App.–Amarillo 2006, no pet.); Dennis v. State, 151 S.W.3d 745, 749 (Tex.App.–Amarillo 2004, pet. ref'd). The corroborating evidence does not have to directly link appellant to the crime nor establish his guilt beyond a reasonable doubt. Id. The corroborating evidence need only connect appellant to the offense. Finally, the review of the corroborating evidence is done in the light most favorable to the verdict. Smith, 211 S.W.3d at 478.

5

After eliminating the testimony of the CI, we are left with the testimony of Officer Johnson and Agent Riddle. Officer Johnson testified that on the day in question, the CI was wearing a recording device. After the tape recording was played at the trial, Officer Johnson testified that he recognized the voices on the tape as being that of the CI, fellow officer Escobedo and appellant. Agent Riddle, who was a patrol officer at the time, was given the task of trying to place the street name of "Little Bailey" with a person. He testified that through his investigation he was able to identify appellant as the individual who had the street name of "Little Bailey." Lastly, Bailey is also appellant's first name.

Appellant posits that the failure of the State to make a tape recording of appellant's voice and have the same compared, by an expert, to the tape of the drug transaction should result in Officer Johnson's testimony being considered of no consequence. However, the fact that the State did not do so does not render the testimony of Officer Johnson inconsequential; it may, if the jury were to believe appellant, lessen the believability of the officer's testimony. The decisions regarding the weight and credibility to be given testimony are for the jury. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997).

The testimony of Officer Johnson identifying the voice of appellant, when considered with the other evidence is sufficient corroboration. See Jefferson v. State, 99 S.W.3d 790, 792-93 (Tex.App.–Eastland 2003, pet. ref'd). We therefore overrule appellant's second issue.

6

Conclusion

Having overruled appellant's two issues, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.