NO. 07-06-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 30, 2008
_____

JOSEPH M. JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410946; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Joseph Mark Johnson appeals from his conviction by jury of the offense of possession of cocaine with intent to deliver and his sentence of twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Via two points of error, appellant contends the trial court erred by admitting evidence of an extraneous offense and by allowing improper jury argument. We affirm.

## Background

Appellant was indicted for knowingly possessing cocaine, with intent to deliver, in an amount more than one gram but less than four grams, based on events occurring in January 2004.[1] The indictment also contained an enhancement paragraph, setting forth appellant's prior felony conviction for burglary of a habitation.[2] Following appellant's plea of not guilty, this matter proceeded to trial.

The State's evidence described a "buy-walk" operation by which an informant, Oscar Fira, accompanied an undercover narcotics officer to appellant's residence. Fira and the undercover officer testified at trial that the officer remained in his car while Fira approached the residence, brought appellant to the vehicle and introduced him to the officer, who completed his purchase of crack cocaine from appellant. Another officer testified he was part of the "listening team" who monitored the undercover buy. The evidence also included an audio recording of conversation during the transaction. Fira was paid $150.00 for his participation in the operation.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2001). This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[2] Appellant's sentence was enhanced pursuant to Penal Code § 12.42. Tex. Penal Code Ann. § 12.42 (Vernon 2007).

Appellant testified, denying he committed the offense. The jury returned a verdict of guilty, and the court assessed the punishment we have described. This appeal followed.

Analysis

*Admissibility of Evidence Pursuant to Texas Rule of Evidence 404(b)*

In appellant's first point of error, he argues the trial court erred by allowing the State to introduce evidence of a similar transaction occurring in September 2003, for which appellant's prosecution was then pending. His trial objection to admission of the extraneous offense evidence cited Texas Rules of Evidence 404(b) and 403.

Rule of Evidence 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but such evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b). Merely introducing evidence for a purpose other than character conformity, or any of the other enumerated purposes in Rule 404(b), does not, by itself, make that evidence admissible. *Rankin v. State,* 974 S.W.2d 707, 709 (Tex.Crim.App. 1996). Whether objected-to evidence of "other crimes, wrongs, or acts" has relevance apart from character conformity, as required by Texas Rule of Evidence 404(b), is a question for the trial court. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). An appellate court owes no less deference to the trial judge in making this judgment than it affords him in making any other relevancy call; that is, such a decision is reviewed for

3

abuse of discretion.  *Id.*  Therefore, as long as the trial court's ruling was within the zone of reasonable disagreement, we will not intercede.  *Id.*

After appellant's testimony, the trial court allowed the State to present evidence that in September 2003, undercover officers accompanied another informant, Nora Diaz,[3] to appellant's residence where they completed the purchase of $100 of crack cocaine from him.  When it overruled appellant's trial objection to admission of the evidence, the trial court noted its finding the evidence was admissible to show appellant's intent, knowledge and identity.[4]  On appeal, the State primarily argues the evidence was properly admitted on the issue of appellant's identity.  Appellant contends his identity as the perpetrator of the offense was not placed at issue, and that the extraneous offense evidence was thus not relevant to a fact of consequence.  We agree with the State.

During his direct testimony, appellant described the block on which his duplex residence was located.  His description included a reference to a residence near his, in which a number of people lived.  He said 12 to 15 people stayed there and many of them commonly congregated outside, "all in the parking lot, on the sidewalk, and by the phone booth [on the corner]."  He said there was drug activity, and testified he called the duplex manager several times to "tell about people selling on the corner."  He further testified people knocked on his door, seeking drugs, and told of being asked, "Is Mark there?" He said he once heard a man on the street identify himself as Mark, and referred to others "on

---

[3] Diaz testified she was Fira's wife.

[4] By instruction, the court limited the jury's consideration of the evidence to those purposes.

the street named Mark." Appellant noted, "but my name is Mark also." He went on to testify that "they" were "actually selling drugs in that area," and that "they" sometimes waved passing cars down for that purpose.

The trial court was within its discretion to find appellant's testimony placed his identity at issue. *See Lane v. State*, 933 S.W.2d 504, 519 (Tex.Crim.App. 1996); *Smith v. State*, 211 S.W.3d 476, 479 (Tex.App.–Amarillo 2006, no pet). Indeed, it is difficult to see that appellant's testimony associating other people named Mark with drug dealing outside his duplex had any goal other than to suggest that Fira and the officer had bought their drugs from another Mark. We find no abuse of discretion in the trial court's conclusion that admission of evidence of appellant's sale of cocaine, four months before, from the same location in the same manner,[5] was permissible under Rule 404(b).

*Rule 403 Exclusion of Relevant Evidence*

Under Rule of Evidence 403, evidence that is relevant may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. When conducting the balancing test under Rule 403, the trial court determines whether the probative value of the evidence

---

[5] Before evidence of an extraneous offense can be used to establish identity, the extraneous offense "must be so similar to the offense charged that the offenses are marked as the accused's handiwork." *Smith,* 211 S.W.3d at 479, *citing Lane,* 933 S.W.2d at 519. Here, appellant does not deny the two drug transactions were sufficiently similar to make the September 2003 offense relevant to the issue of the identity of the seller in the January 2004 transaction.

is substantially outweighed by one of the countervailing considerations listed in the rule. *Id.* A trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. *Casey v. State,* 215 S.W.3d 870, 880 (Tex.Crim.App. 2007).

Appellant reiterates his contentions identity was not at issue, and the extraneous offense evidence thus was not directed at a fact of consequence. He also contends the State had little need for the evidence, noting the prosecutor characterized the case to the jury as a "simple case." He also complains that evidence of the 2003 offense took a considerable amount of time to present to the jury and thus posed the danger of confusing the issues to be tried. As noted, we find the trial court was within its discretion to find appellant placed his identity at issue through his testimony, and the extraneous offense evidence was probative of a fact of consequence. We see little risk the evidence suggested to the jury a decision on an improper basis, or confused or distracted the jury. The trial court's instruction reduced the risk the jury would make improper use of the evidence. Presentation of the evidence took some time, but we do not find it inordinate. The trial court did not abuse its discretion by overruling appellant's Rule 403 objection. We overrule appellant's first issue.

6

*Improper Jury Argument*

By his second issue, appellant asserts the prosecutor engaged in improper argument when she told the jury, "And some people do force 12 people of their community to make them take responsibility, and today is that day." Appellant contends the statement was a negative comment on his exercise of his right to a jury trial. At the same time, appellant acknowledges he did not object to the prosecutor's argument at trial, and correctly notes that binding authority holds that failure to object to jury argument forfeits an appellant's complaint on direct appeal. *Cockrell v. State,* 833 S.W.2d 73, 89 (Tex.Crim.App. 1996), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997). *See also Threadgill v. State,* 146 S.W.3d 654, 670 (Tex.Crim.App. 2004). Finding appellant's second point of error presents nothing for our review, we overrule it, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.