NO. 07-07-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 10, 2008
______________________________

MORDEL DISHAUN STEBBINS, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18286-A; HON. HAL MINER, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Mordel Dishaun Stebbins appeals his conviction for delivering a controlled
substance. He asserts that the trial court erred in admitting evidence of extraneous
offenses in violation of Rules 403 and 404(b) of the Texas Rules of Evidence. We affirm
the judgment. 
 
 
          Background
          Appellant was convicted upon the testimony of undercover police officer, Vernon
Wilson, to whom he delivered cocaine on September 24, 2006. Undercover police officer
David Ponce witnessed the transaction. During the testimony of Wilson, appellant’s
counsel asked him about whether the current offense was the only time appellant had been
charged with any kind of hand-to-hand transaction. Wilson answered “yes.” Later, the
following exchange took place between the same counsel and the officer:
Q. When did you first learn Mordel Stebbins’ identity?
A. It was around the time we were making the buys from him.
Q. Now, Agent, earlier you testified you made one drug buy from
[appellant]. Right? So I would ask that we - - that we not stretch that unless
we’re going to change - - 
(Emphasis added). On re-direct, the State asked Wilson whether the incident forming the
basis of prosecution at bar was his only contact with appellant, to which question appellant
objected. The State argued that appellant had opened the door to the evidence of prior
drug transactions between him and Wilson by his prior statements and his defense
founded upon lack of identity. The trial court overruled appellant’s objection and admitted
the evidence that Wilson purchased drugs from appellant the first time he met him, he
purchased drugs from appellant’s girlfriend Crystal on September 16, 2004, just prior to
which Wilson saw appellant going into Crystal’s apartment, and he spoke to appellant
again on December 7, 2005, and was told if he needed any more drugs to contact Crystal.
          
 
          Law and Its Application
          We review the trial court’s admission of the evidence under the standard of abused
discretion. Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). That is, if the
decision fell within the zone of reasonable disagreement, it was not wrong. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). 
          As previously mentioned, the issue before us deals with the admission of evidence
illustrating extraneous offenses. Such evidence may be admitted at trial under Rule 404(b)
of the Rules of Evidence to show identity when identity is in question. Tex. R. Evid. 404(b). 
Moreover, matters of identity may be raised on cross-examination by the defendant. Page
v. State, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006). Yet, even if relevant, the evidence
may be excluded under Rule 403 if its probative value is substantially outweighed by its
propensity to cause undue prejudice or confusion. Casey v. State, 215 S.W.3d 870, 879
(Tex. Crim. App. 2007). 
          In cross-examining Wilson, appellant asked him about whether he knew if
appellant’s name was incorrect in the indictment, when he first identified appellant, whether
he had the narcotics passed during the sale checked for fingerprints, whether he had a
photograph of appellant, why appellant was not arrested at the time of the transaction in
question, and how many drug deals Wilson had made in the last several years.


 These
inquiries raised the issue of whether the officer remembered and could identify the person
involved in this particular drug transaction. See Smith v. State, 211 S.W.3d 476, 479 (Tex.
App.–Amarillo 2006, no pet.) (stating that by attempting to discredit the testimony of the
confidential informant and the police officer identifying the defendant as the seller, the
defendant put the issue of identity into play).
          Additionally, the questions propounded by appellant raised the suggestion that the
officer’s contact with appellant was limited to one instance when in fact the instances were
several. So, because the officer’s ability to identify appellant as the seller was in dispute,
the extraneous offenses tended to illustrate more than a passing acquaintance between
the officer and appellant, and because the nature of the relationship and the interaction
between the two bolstered the inference that the officer could identify appellant, the
evidence was admissible under Rule 404(b). 
          While it may be true that before evidence of an extraneous offense can be used to
establish identity, the extraneous offenses must be so similar to the offense charged that
the offenses may be marked as the accused’s handiwork, Lane v. State, 933 S.W.2d 504,
519 (Tex. Crim. App. 1996), however, appellant did not object to the evidence on that
basis. Having failed to do so, that ground was waived. See Sharp v. State, 210 S.W.3d
835, 839 (Tex. App.–Amarillo 2006, no pet.) (stating that when a particular ground went
unmentioned below, it is not preserved for review).


 
          As for appellant’s contention that the relevance of the evidence was substantially
outweighed by its alleged prejudice, we consider four factors when determining if this was
true. The first is whether the evidence compellingly made a fact of consequence more or
less probable. Next, we assess the potential to which the evidence could impress the jury
in some irrational, yet indelible, way. Then we consider the amount of time spent
developing the evidence. Finally, the State’s need for the evidence must also be weighed. 
Lane v. State, 933 S.W.2d at 520. 
          Again, we note that identity was at issue, the evidence in question tended to show
that the witness had the opportunity to observe and listen to appellant on more than one
occasion, the trial court instructed the jury to only consider the evidence for purposes of
determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident, and the testimony took up only five pages of the trial transcript. We
further note that it tended to rebut the insinuation raised by appellant that he had not
engaged in drug activity before. Given these circumstances, we opine that the trial court’s
implicit conclusion that the probative value of the evidence was not substantially
outweighed by its prejudicial effect fell within the zone of reasonable disagreement. So,
admitting it did not evince an instance of abused discretion. 
          Accordingly, appellant’s issues are overruled, and the judgment is affirmed.
 
                                                                           Per Curiam
 
Do not publish.