NO. 07-07-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 10, 2008
_____

MORDEL DISHAUN STEBBINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18286-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Mordel Dishaun Stebbins appeals his conviction for delivering a controlled substance. He asserts that the trial court erred in admitting evidence of extraneous offenses in violation of Rules 403 and 404(b) of the Texas Rules of Evidence. We affirm the judgment.

*Background*

Appellant was convicted upon the testimony of undercover police officer, Vernon Wilson, to whom he delivered cocaine on September 24, 2006. Undercover police officer David Ponce witnessed the transaction. During the testimony of Wilson, appellant's counsel asked him about whether the current offense was the only time appellant had been charged with any kind of hand-to-hand transaction. Wilson answered "yes." Later, the following exchange took place between the same counsel and the officer:

> Q. When did you first learn Mordel Stebbins' identity?
>
> A. It was around the time we were making the buys from him.
>
> Q. Now, Agent, *earlier you testified you made one drug buy from [appellant]. Right? So I would ask that we - - that we not stretch that unless we're going to change - -*

(Emphasis added). On re-direct, the State asked Wilson whether the incident forming the basis of prosecution at bar was his only contact with appellant, to which question appellant objected. The State argued that appellant had opened the door to the evidence of prior drug transactions between him and Wilson by his prior statements and his defense founded upon lack of identity. The trial court overruled appellant's objection and admitted the evidence that Wilson purchased drugs from appellant the first time he met him, he purchased drugs from appellant's girlfriend Crystal on September 16, 2004, just prior to which Wilson saw appellant going into Crystal's apartment, and he spoke to appellant again on December 7, 2005, and was told if he needed any more drugs to contact Crystal.

2

*Law and Its Application*

We review the trial court's admission of the evidence under the standard of abused discretion. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). That is, if the decision fell within the zone of reasonable disagreement, it was not wrong. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

As previously mentioned, the issue before us deals with the admission of evidence illustrating extraneous offenses. Such evidence may be admitted at trial under Rule 404(b) of the Rules of Evidence to show identity when identity is in question. TEX. R. EVID. 404(b). Moreover, matters of identity may be raised on cross-examination by the defendant. *Page v. State,* 213 S.W.3d 332, 336 (Tex. Crim. App. 2006). Yet, even if relevant, the evidence may be excluded under Rule 403 if its probative value is substantially outweighed by its propensity to cause undue prejudice or confusion. *Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

In cross-examining Wilson, appellant asked him about whether he knew if appellant's name was incorrect in the indictment, when he first identified appellant, whether he had the narcotics passed during the sale checked for fingerprints, whether he had a photograph of appellant, why appellant was not arrested at the time of the transaction in question, and how many drug deals Wilson had made in the last several years.[1] These inquiries raised the issue of whether the officer remembered and could identify the person involved in this particular drug transaction. *See Smith v. State,* 211 S.W.3d 476, 479 (Tex.

---

[1]Appellant clearly argued misidentification in his closing argument: "It could be today, it could be next week, it could be next year, but if we don't do our job it's going to happen. Somebody is going to be misidentified and somebody is going to spend some time in jail because somebody else sold some crack to an undercover officer."

3

App.–Amarillo 2006, no pet.) (stating that by attempting to discredit the testimony of the confidential informant and the police officer identifying the defendant as the seller, the defendant put the issue of identity into play).

Additionally, the questions propounded by appellant raised the suggestion that the officer's contact with appellant was limited to one instance when in fact the instances were several. So, because the officer's ability to identify appellant as the seller was in dispute, the extraneous offenses tended to illustrate more than a passing acquaintance between the officer and appellant, and because the nature of the relationship and the interaction between the two bolstered the inference that the officer could identify appellant, the evidence was admissible under Rule 404(b).

While it may be true that before evidence of an extraneous offense can be used to establish identity, the extraneous offenses must be so similar to the offense charged that the offenses may be marked as the accused's handiwork, *Lane v. State,* 933 S.W.2d 504, 519 (Tex. Crim. App. 1996), however, appellant did not object to the evidence on that basis. Having failed to do so, that ground was waived. *See Sharp v. State,* 210 S.W.3d 835, 839 (Tex. App.–Amarillo 2006, no pet.) (stating that when a particular ground went unmentioned below, it is not preserved for review).[2]

As for appellant's contention that the relevance of the evidence was substantially outweighed by its alleged prejudice, we consider four factors when determining if this was true. The first is whether the evidence compellingly made a fact of consequence more or

---

[2]We also note that the officer was asked on re-direct by the State when he had obtained the photograph of appellant to which he replied, "It was around when the - - when we made these transactions." No objection was made to this testimony.

4

less probable. Next, we assess the potential to which the evidence could impress the jury in some irrational, yet indelible, way. Then we consider the amount of time spent developing the evidence. Finally, the State's need for the evidence must also be weighed. *Lane v. State,* 933 S.W.2d at 520.

Again, we note that identity was at issue, the evidence in question tended to show that the witness had the opportunity to observe and listen to appellant on more than one occasion, the trial court instructed the jury to only consider the evidence for purposes of determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and the testimony took up only five pages of the trial transcript. We further note that it tended to rebut the insinuation raised by appellant that he had not engaged in drug activity before. Given these circumstances, we opine that the trial court's implicit conclusion that the probative value of the evidence was not substantially outweighed by its prejudicial effect fell within the zone of reasonable disagreement. So, admitting it did not evince an instance of abused discretion.

Accordingly, appellant's issues are overruled, and the judgment is affirmed.


Per Curiam


Do not publish.