NO. 07-11-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 28, 2012

TERRY ALLEN REECE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 4389; HONORABLE RON ENNS, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Terry Allen Reece was convicted of two counts of delivery of a controlled substance in an amount of less than one gram.[1]  He contends the evidence is insufficient to support those convictions.  We affirm the judgments.

Appellant claims the testimony of the State's informant was not adequately corroborated by other evidence.  A defendant may not be convicted of an offense under

---

[1]Appellant was also convicted of possession of a controlled substance, but he has not challenged that conviction on appeal.

Chapter 481 of the Health and Safety Code on the testimony of a person who is acting covertly on behalf of law enforcement unless the testimony is corroborated by other evidence tending to connect him with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.141 (West 2005). The corroborating evidence does not have to directly link the defendant to the crime or establish his guilt beyond a reasonable doubt; there need only be some evidence connecting him to the offense. *Smith v. State,* 211 S.W.3d 476, 478 (Tex. App.–Amarillo 2006, no pet.). In examining the record, we eliminate all of the covert witness testimony and determine if there is other inculpatory evidence that tends to connect him to the commission of the offense. *Malone v. State,* 253 S.W.3d 253, 258 (Tex. Crim. App. 2008). Furthermore, we examine the evidence in the light most favorable to the verdict. *Smith v. State,* 211 S.W.3d at 478.

The two offenses of delivery of a controlled substance took place on April 5, 2009, and September 21, 2009, when Branda Simpson went to appellant's home to purchase methamphetamine at the request of law enforcement officers. Lieutenant Tom Flood testified that prior to the purchase on April 5, he gave her $50, checked to be sure she had no narcotics on her person or in her vehicle, gave her a digital recorder and live feed recorder, followed her to 1306 Northeast Second in Dumas where appellant lived, saw her go into the house where she remained for three to five minutes, saw her exit the house, and maintained sight contact with her until they met up, at which time he searched Simpson and her vehicle again. Simpson provided him with a baggy of methamphetamine, and she no longer had any money. Flood identified the voices on the recording as those of Simpson, Kim Hutcherson, and appellant. Moreover, Simpson

2

thanked "Terry" on the tape, and he stated that he "needs the money." The recording was played to the jury.

On September 21, 2009, Flood searched Simpson who was on foot that day, gave her $25 and a digital and live feed recorder, transported her close to the same residence, watched her enter the residence, watched her exit the residence, and never lost sight of her until they met again. He found nothing on her person at that time and was provided by her with a baggy of methamphetamine. Flood stated that Simpson and appellant had discussed on the tape the fact that the methamphetamine was "red phosphorus" which is a method of making the substance. That tape was also played for the jury. Three days later, a search was conducted of appellant's home pursuant to a search warrant. Appellant was the only person present, and at that time, officers found 1) a Coke bottle being used as a bong, 2) a metal spoon and a glass pipe which are used to ingest narcotics, 3) packaging material which could be used for narcotics, 4) scales which are used to weigh drugs prior to sale, 5) additional glass pipes, 6) a blowtorch which is used to heat up narcotics for inhalation, 7) a semi-automatic pistol and ammunition which are often found where drugs are being sold, and 8) a residue substance on the spoon which was tested and shown to be methamphetamine.

Appellant was identified as the owner of the house and as the voice on both tapes. That, combined with the other evidence, particularly that of Flood regarding his search of Simpson both before and after she had been to appellant's house and Flood's observation of Simpson except for the few minutes she was in the house, is sufficient corroboration of Simpson's testimony. *See Cantelon v. State,* 85 S.W.3d 457, 461-62 (Tex. App.–Austin 2002, no pet.) (finding the evidence to be sufficient corroboration

3

when it showed that Cantelon met the informant at an agreed-upon time and place, they spent several minutes in Cantelon's car together, the informant entered the car with a specific amount of cash and an audio recorder, he returned without the cash, he gave the police officer a bag of marijuana, and the informant gave him the recording device with a recorded conversation between the informant and Cantelon).

Accordingly, the issue is overruled, and the judgments are affirmed.


Per Curiam

Do not publish.