NO. 07-10-00456-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 10, 2012

LESTER EUGENE CRENSHAW, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 60,313-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Lester Eugene Crenshaw appeals his conviction for delivery of a Penalty Group 1 controlled substance, cocaine, and sentence of eighteen years' confinement in prison.[1] We will affirm.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(a),(c) (West 2010). An offense under this section is a second-degree felony. Based on appellant's prior murder conviction, the punishment range was enhanced to that of a first-degree felony. Tex. Penal Code Ann. § 12.42(b) (West Supp. 2012).

Background

Appellant's case was tried to the bench. Testimony showed two Amarillo Police Department narcotics investigators arranged for a confidential police informant to buy crack cocaine from a female, Kim Johnson. The informant and Johnson agreed to meet in the parking lot of a local store. An investigator provided the informant a recording device and cash for the drug purchase. One investigator video-recorded the event while the other watched in the store parking lot from another vehicle. The informant testified that before the buy he was searched by the investigator.

Instead of Johnson, a black male was driving the vehicle that entered the parking lot. According to the informant, he knew the driver from prior drug transactions. He identified appellant as the driver of the vehicle and the individual who sold him the crack cocaine on that occasion. He recalled that appellant wore white gloves. The video recording made by police shows the driver of the vehicle wearing at least one white glove. It further shows the informant entering the vehicle and remaining there briefly.

Testimony showed that after the informant left the vehicle and after appellant drove out of sight, the investigator and the informant again made contact. The investigator conducted another search of the informant, and took the cocaine. A Department of Public Safety forensic scientist later analyzed the substance and concluded it weighed 1.15 grams and contained cocaine.

The investigator testified police compared close-up video shots made of the driver during the buy with a "mug shot" of appellant. They concluded the driver of the vehicle was appellant.

Analysis

In one issue, appellant argues that the evidence was insufficient to corroborate the testimony of the informant. As noted, the informant testified the cocaine he delivered to the investigator was the same substance delivered to him, and testified appellant was the person from whom he received the cocaine. Appellant contends those two aspects of the informant's testimony were not corroborated.

In pertinent part, article 38.141 of the Code of Criminal Procedure provides:

> (a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.
>
> (b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

Tex. Code Crim. Proc. Ann. art. 38.141(a),(b) (West 2005).

When we evaluate the sufficiency of the evidence for corroboration under article 38.141, we apply the standard used for corroboration under the accomplice-witness rule of article 38.14. *Malone v. State,* 253 S.W.3d 253, 257 (Tex.Crim.App. 2008). Applying that standard, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Solomon v. State,* 49 S.W.3d 356, 361 (Tex.Crim.App. 2001).

3

Appellant's argument, specifying particular aspects of the informant's testimony that he contends lack corroboration, overstates the statutory requirement for corroboration of informant testimony. A challenge to the sufficiency of corroborating evidence is not the same as a challenge to the sufficiency of the evidence to support the verdict as a whole. *Cathey v. State,* 992 S.W.2d 460, 462-63 (Tex.Crim.App. 1999) (accomplice-witness rule is legislatively-created sufficiency review and not derived from federal or state constitutional principles defining sufficiency of evidence standards). The evidence offered in corroboration need only tend to connect the defendant to the offense. *Smith v. State,* 211 S.W.3d 476, 478 (Tex.App.--Amarillo 2006, no pet.). It need not directly link the defendant to the crime or establish his guilt beyond a reasonable doubt. *Id.* We review the corroborating evidence in the light most favorable to the verdict. *Id.* The tends-to-connect standard does not present a high threshold. *Cantelon v. State,* 85 S.W.3d 457, 460-61 (Tex.App.--Austin 2002, no pet.).

Removing the informant's testimony from consideration, we find ample evidence tending to connect appellant with delivery of the cocaine. The car in which the delivery occurred was registered to appellant. In his testimony, appellant acknowledged his acquaintance with a Kim Johnson. The investigator said the drug buy was arranged with Kim Johnson. The video recording of the buy depicts the driver of the vehicle the informant entered as a black male wearing a white glove on his right hand. His left hand is not visible. A close-up shot of the driver reveals a small but definite spot or skin imperfection on the left side of the individual's face. Appellant's "mug shot" admitted at trial shows the imperfection at the same place on appellant's face. When the spot on appellant's face was referred to as a "mole" during his testimony, appellant said the spot

4

on his face is not a mole but the result of a spider bite. He acknowledged the spot was "similar" to that shown in the photograph of the driver, but said there were black magic markers in his car which someone could have used to create a facial mark.

Appellant wore gloves at trial. He explained he suffered a stroke in 2004 or 2005 that caused nerve damage, and agreed he always wears gloves. He referred to the gloves he was wearing as "hospital-issued."

The evidence at trial included the video recording made during the drug buy and the photographs taken from the recording. As fact finder, the trial court was positioned to compare those images with appellant's appearance at trial. That evidence, particularly when viewed in light of the evidence of the distinguishing mark on appellant's face, which also appears in the photographic evidence, rather clearly tends to connect appellant with the drug buy described in the informant's testimony.

Appellant's specific argument with regard to the informant's testimony he delivered the same substance to the investigator that appellant delivered to him, focuses on the asserted lack of corroborating evidence that the investigator searched the informant just before the transaction with appellant. The informant gave an affirmative answer when asked if the investigator searched him "before you went out to make that buy." Appellant says no evidence corroborated that testimony.

If it were necessary that the State produce evidence specifically corroborating the informant's testimony that the investigator searched him "before you went out to make that buy," we find corroborating evidence. The investigator described in some detail his standard procedure during covert drug buys, which includes a search of the informant

for contraband or money "right before" the informant meets the target of the operation. The investigator testified that on this occasion, after the drug transaction, he "conducted another search" of the informant.[2]  The investigator explained he searches a confidential informant before a buy to establish any money the informant possesses was provided by the investigator and any contraband was purchased from the target of the covert operation.  The investigator added that before the buy the informant did not possess crack cocaine and after the buy he possessed only what was purchased.

Viewed in the light most favorable to the verdict, and considered in the context of the entirety of the investigator's testimony, we conclude without difficulty that the trial court would have understood that the investigator's "another search" statement was made with regard to a previous search conducted, in accordance with his described standard procedure, "right before" the transaction.  The investigator's later negative response to the question, "Did [the informant] have any crack cocaine on him before the buy?" confirms that understanding of his testimony.

We find the corroborating evidence, including that of identity, sufficient to connect appellant with the charged offense.  Appellant's issue is overruled.

---

[2] The investigator said, "[The informant] gave me the crack cocaine he just bought from [appellant].  I conducted another search of [the informant] to conclude the investigation, got the recording equipment back from him."

Conclusion

Having overruled appellant's issue, we sustain the judgment of the trial court.


James T. Campbell
Justice


Do not publish.