

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00416-CR

PRESTON GERARD WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 63,870-D, Honorable Don R. Emerson, Presiding

August 15, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Preston Gerard Walker was convicted of delivery of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams, within 1000 feet of a school.[1] After a jury found appellant guilty, it assessed punishment,

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) & 481.112(d) (West 2010) (delivery of cocaine in an amount of four grams or more but less than 200 grams is a first-degree felony); TEX. PENAL CODE ANN. § 12.32 (West 2011) (a first-degree felony is punishable by imprisonment for five to 99 years, or life, and a maximum fine of $10,000); TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2014) (increasing minimum term of imprisonment to fifteen years under some circumstances); TEX. HEALTH &

enhanced by one prior felony conviction, at forty years' confinement in prison and a fine of $19,999. Through two issues appellant challenges the sufficiency of evidence corroborating the testimony of a confidential informant and the judgment's requirement that he repay court-appointed attorney's fees as a cost of court. We will modify the trial court's judgment to delete any requirement that he repay court-appointed attorney's fees and, as modified, affirm the judgment.

## Background

During May 2011, Amarillo Police Department narcotics officers planned to use a confidential informant to purchase narcotics from an individual, P.Z., identified at trial as appellant. The informant contacted P.Z. by telephone to arrange the transaction.

To prepare the informant for the transaction, officers searched the informant's person and vehicle, gave the informant $200, and provided him a recorder, a wireless transmitter, and a set of scales. He was then sent to a designated residence. Other officers were in the vicinity to document the informant's arrival at the location and record the transaction.

More than one trip by the informant to the residence was necessary because appellant was initially not present. After additional telephone calls, the informant returned to the residence and found appellant. The officers watched the informant from the site of their meeting until the informant entered the residence. According to the lead officer, the informant remained inside the residence five to ten minutes.

_____

SAFETY CODE ANN. § 481.134(c)(1) (West Supp. 2014) (increasing minimum term of imprisonment by five years and doubling maximum fine if offense committed within 1000 feet of school premises).

2

The informant testified to his involvement in the drug purchase. Besides appellant, he said he found a male, a female, and a child present at the residence. Appellant was seated in the kitchen at the table. The informant told appellant he wanted to buy $200 worth of crack cocaine. Appellant obliged, and delivered the drugs. The informant then made "small talk" with appellant and the two walked out of the residence. According to the informant, getting appellant outside the residence was necessary for the video tape recording. As they talked, according to the informant, appellant explained how he cut and sold the drugs.

The lead officer testified he watched the informant and appellant walk out of the residence. The two stood by the informant's vehicle and talked briefly. The officer testified he heard the two converse, by means of the wireless transmitter, from his location "maybe half a block" away. The officer agreed with the prosecutor he heard "conversation by [appellant] about how he transacted his business."[2] The audio recording was played for the jury. As it appears in the appellate record, the recording contains much interference and is difficult to hear, but mention of the terms "20" and "1.1" can be heard.[3] The officer testified to his over-twenty-year experience investigating narcotics offenses, and agreed that conversation regarding "1.1 and

---

[2] Although not essential to our decision, we note also that earlier the officer testified the informant and appellant "talked about some drug dealing activity." Appellant then objected to the statement as hearsay. The trial court sustained the objection but did not issue an instruction to the jury to disregard the answer. It thus remained before the jury. *See Smith v. State*, No. 14-02-00554-CR, 2003 Tex. App. Lexis 8077, at *10-13 (Tex. App.—Houston [14th Dist.] Sept. 18, 2003, no pet.) (mem. op., not designated for publication).

[3] The lead officer testified he had listened to the audio recording, agreed he had "compared it to [his] memory as to what [he] heard that day," and agreed it fairly and accurately recorded the events.

putting it on the scales, and then using the term 20," in his experience, referred to $20 rocks, and 1.1 grams of cocaine.

According to their testimony, the officers then followed the informant to a predetermined meeting place. They watched him all along the way and noted that he made no stops. The officers again searched the informant and his vehicle. The only controlled substance in his possession was the crack cocaine he said he purchased at the residence.

During trial, a Department of Public Safety chemist testified that the contraband in question "contained 4.8 grams of a substance that contains cocaine." Other evidence showed the residence was within 1000 feet of a school campus. Appellant was convicted and sentenced as noted. This appeal followed.

Analysis

Through his first issue, appellant contends that the evidence corroborating the testimony of the confidential informant was insufficient to support his conviction.

In pertinent part, article 38.141 of the Code of Criminal Procedure provides:

(a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.141(a), (b) (West 2005). Without dispute, the informant was not a licensed peace officer or a special investigator.

When we evaluate the sufficiency of the evidence for corroboration under article 38.141, we apply the standard used for corroboration under the accomplice-witness rule of article 38.14. *Malone v. State,* 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). Applying that standard, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Solomon v. State,* 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

A challenge to the sufficiency of corroborating evidence is not the same as a challenge to the sufficiency of the evidence to support the verdict as a whole. *Cathey v. State,* 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999) (accomplice-witness rule is legislatively-created sufficiency review and not derived from federal or state constitutional principles defining sufficiency of evidence standards). The corroborating evidence need not directly connect the defendant to the crime or be sufficient by itself to establish guilt. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *Vasquez v. State,* 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Rather, evidence offered in corroboration need only tend to connect the defendant to the offense. *Smith v. State,* 211 S.W.3d 476, 478 (Tex. App.—Amarillo 2006, no pet.). The phrase "tends to connect" has the ordinary dictionary definition, "to serve, contribute or conduce in some degree or way . . . to have a more or less direct bearing or effect." *Holladay v. State,* 709 S.W.2d 194, 198 (Tex. Crim. App. 1986) (quoting *Boone v. State,* 90 Tex. Crim. 374, 235 S.W. 580, 584 (Tex. Crim. App. 1922)). Although the mere presence of an accused in the

company of the accomplice before, during, and after the commission of the offense, standing alone, is insufficient to corroborate accomplice testimony, evidence of such presence, along with proof of other suspicious circumstances, may tend to connect the accused to the offense. *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). We review the corroborating evidence in the light most favorable to the verdict. *Smith,* 211 S.W.3d at 478. The tends-to-connect standard does not present a high threshold. *Cantelon v. State,* 85 S.W.3d 457, 460-61 (Tex. App.—Austin 2002, no pet.).

When viewed in the light most favorable to the verdict, but without the informant's testimony, there is evidence the informant walked alone into the residence without drugs in his possession, the informant walked out of the residence in the company of appellant a few minutes later, the two talked briefly near the informant's vehicle, during their conversation the two discussed subjects another witness tied to drug transactions, and the informant left the residence watched by officers and then produced the cocaine. This corroborating evidence tends to connect appellant to the offense of delivery of the cocaine.

The authorities on which appellant relies have features distinguishing them from the case at hand. In *King v. State,* 334 S.W.3d 818 (Tex. App.—Beaumont 2011, pet. refused), identification of the defendant as perpetrator of the offense was critical. Unlike here, no eyewitness, aside from the informant, connected the defendant to the offense. In *Taylor v. State,* 328 S.W.3d 574, 576, 578, 579 (Tex. App.—Eastland 2010, pet. refused), no officer watched an informant go to the house identified for the purchase of cocaine. Consequently, no officer saw the informant enter or leave the house. No evidence other than the testimony of the informant connected the defendant to the

6

house where the informant said he bought the cocaine. Finally, while there was an audio recording no one except the informant identified the defendant's voice on the recording. *See James v. State,* No. 11-10-00148-CR, 2012 Tex. App. Lexis 3914, at 11-12 (Tex. App.—Eastland May 17, 2012, no pet.) (mem. op., not designated for publication) (distinguishing *Taylor*).

Finding adequate corroborating evidence in the record, we accordingly find the evidence sufficient to support appellant's conviction. Appellant's first issue is overruled.

By his second issue, appellant challenges the requirement of the judgment that he repay court costs which include court-appointed attorney's fees. In both the written judgment signed September 7, 2012, and a judgment nunc pro tunc signed October 2, 2012, beneath the heading, "court costs" appears the statement, "As per attached Bill of Cost." Both instruments order appellant to pay court costs.

In the clerk's record, immediately following the judgment appears a bill of costs dated September 4, 2012. It does not contain an entry specifying an amount of attorney's fees. Immediately following, however, is an "amended" bill of costs dated September 10. It contains an entry in the amount of $1,999 correlating to the explanatory notation, "Attorney Fee(s)-Original Plea Agreement." The same explanation and corresponding amount of attorney's fees appears in an October 3, 2012 bill of costs located immediately after the judgment nunc pro tunc.

A trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. TEX. CODE CRIM.

PROC. ANN. art. 26.05(g) (West Supp. 2014); *Mayer v. State,* 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008)*, aff'd,* 309 S.W.3d 552 (Tex. Crim. App. 2010). But "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2014). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer,* 309 S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a determination the defendant is capable of repaying the attorney's fees levied. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam).

Here, the record does not contain evidence of an "original plea agreement" obligating appellant to repay court-appointed attorney's fees.[4] Nor is there evidence the trial court reconsidered its pre-trial determination of indigency, found a material change in appellant's financial circumstances, or considered his ability to offset the cost of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) and art. 26.05(g) (West Supp. 2014). Indeed, the trial court appointed appellate counsel for appellant because of appellant's indigence and for the same reason ordered a free reporter's record on appeal.

We agree with appellant, there is no evidence he is able to repay attorney's fees expended on his behalf in the underlying case. Accordingly, we modify the trial court's

---

[4] The clerk's record also contains an "attorney fee voucher" indicating the trial court approved payment to appellant's trial counsel of $1,999 for representing appellant at trial.

written judgment and judgment nunc pro tunc by inserting an order at page two, beneath the heading "Furthermore, the following special findings or orders apply": "As used herein, the term 'court costs' does not include court-appointed attorney's fees."

Conclusion

We modify the trial court's judgment as stated and affirm the judgment as modified.

James T. Campbell
Justice

Do not publish.