

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-12-00454-CR

---

ERIC LAVAL THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 264th District Court
Bell County, Texas
Trial Court No. 68897, Honorable Martha J. Trudo, Presiding

---

September 19, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

A jury convicted appellant Eric Laval Thompson of criminal solicitation of a minor, R.S., and assessed punishment at thirty years in prison.[1]  Through two issues appellant asserts the corroborating evidence, required by statute, was insufficient.  We will overrule appellant's issues and affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 15.031 (West Supp. 2014).  The punishment was enhanced to habitual offender status by proof of three prior convictions.  TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

## Background

Viewed in the light most favorable to the verdict, the evidence at trial shows the following. R.S. and her sister S.S., both age thirteen at the time, were staying overnight with their aunt F.O. Also present were F.O.'s two children, a female age thirteen and a male age three.

During the night, F.O. returned home with appellant, her boyfriend. F.O. promptly went to bed because she had to work the next morning. Appellant remained in the living room where S.S. and her female cousin lay on a "pull-out" couch. R.S. also was present.

Appellant spoke with R.S. Among other things, he asked if she had seen a particular pornographic video. When R.S. responded that she had not, he began describing the content. They talked of possibly watching a movie and appellant offered R.S. five dollars to "rub his shoulders." She obliged.

After a few minutes, appellant began inappropriately touching R.S. She asked him to stop. He then walked toward an unoccupied bedroom and asked R.S. if she wanted to earn $50. When she asked what was required he responded "just come in the room." R.S. understood appellant wanted to have sexual intercourse with her. She refused and appellant returned to the couch beside R.S. He placed her hand on his penis and began rubbing. He also rubbed her breast. When he asked if she wanted him to stop, she responded affirmatively.

Appellant then left for F.O.'s bedroom.  R.S. lay crying on the couch beside S.S. The following morning R.S. told S.S. of the events.  S.S. telephoned the police and an investigation followed, leading to appellant's arrest.

A sexual assault nurse examiner testified to her examination of R.S.  The history R.S. gave the nurse substantially paralleled her in-court testimony.  The nurse discovered a one-centimeter laceration on R.S.'s sexual organ, which she said was consistent with the history R.S. provided.  On cross-examination, she also agreed there were lawful explanations for the type of laceration R.S. presented.  No evidence of any of the other identified explanations was adduced.

S.S. testified that she was sleeping on the pull-out couch but overheard a conversation between a man and R.S.[2]  She heard the man ask R.S., "Do you want to make $50 and she said, 'What do I have to do?'  He said, 'Well, lay on your back.'  She said, 'Why?'  He said, 'Just lay on your back.'"  S.S. continued, "He asked her to come into the room.  She said no repeatedly."  According to S.S., R.S. told the man she was thirteen but soon to be fourteen.  After the man "went somewhere" R.S. lay on the couch crying.  The following morning R.S. told S.S. "what happened" and S.S. called the police.

After his arrest, appellant telephoned his mother from jail.  The call was recorded and the recording was played for the jury.  During the conversation, appellant stated, "I did offer the girl some money to f- - - . . . .  I can admit to that, I offered the girl some money."

---

[2] S.S. did not explicitly identify appellant as the man she heard talking with R.S., but it is undisputed appellant was the only adult male present.

3

Appellant chose to testify at the guilt/innocence phase of trial. His testimony was rambling and at times difficult to follow. He did not deny, however, the offer of sex for money recounted in his jail telephone call with his mother.

Appellant was sentenced according to the jury's verdict and this appeal followed.

Analysis

Through two issues which we, like the parties, discuss jointly, appellant argues the evidence of the solicitation and of his intent that R.S. act on the solicitation was insufficiently corroborated.

The indictment specifically alleged appellant:

> did then and there with the intent that Indency (sic) with a Child by contact be committed, request, command and attempt to induce [R.S.] an individual younger than 17 years of age to engage in specific conduct, to wit: to allow the [appellant] to touch her female sexual organ that under the circumstances surrounding the conduct of the [appellant] would have constituted Indecency with a Child.

In relevant part, Penal Code section 15.031 provides that a person commits the offense of solicitation of a minor:

> [i]f, with intent that an offense under [Penal Code § 21.11(a)(1) (indecency with a child)] be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense under [§ 21.11(a)(1)] or would make the minor or other believed by the person to be a party to the commission of the offense under [§ 21.11(a)(1)].

TEX. PENAL CODE ANN. § 15.031(b) (West Supp. 2014). Under this section, a "minor" means an individual younger than 17 years of age. *Id.* at 15.031(f).

4

Penal Code section 21.11 provides, in pertinent part, that a person commits the offense of indecency with a child "if, with a child younger than 17 years and not the person's spouse, . . . the person: (1) engages in sexual contact with the child . . . ." TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). "'[S]exual contact' means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, . . . [of] any part of the genitals of a child . . . ." *Id.* at § 21.11(c)(1).

> A person may not be convicted [of solicitation of a minor] on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation.

TEX. PENAL CODE ANN. § 15.031(c) (West Supp. 2014). The required corroboration is like that of the accomplice-witness statute, Code of Criminal Procedure article 38.14. *Lankford v. State,* 255 S.W.3d 275, 277 (Tex. App.—Waco 2008, pet. refused) (comparing § 15.031(c) with art. 38.14, and citing *Richardson v. State,* 700 S.W.2d 591, 594 (Tex. Crim. App. 1985)). And, to evaluate the sufficiency of the corroborating evidence, we apply the same standard used in accomplice-witness cases. *Richardson,* 700 S.W.2d at 594 (citing *Adams v. State,* 685 S.W.2d 661 (Tex. Crim. App. 1985)). Applying that standard, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Solomon v. State,* 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

A challenge to the sufficiency of corroborating evidence is not the same as a challenge to the sufficiency of the evidence to support the verdict as a whole. *Cathey v.*

*State,* 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999) (accomplice-witness rule is legislatively-created sufficiency review and not derived from federal or state constitutional principles defining sufficiency of evidence standards). The corroborating evidence need not directly connect the defendant to the crime or be sufficient by itself to establish guilt. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *Vasquez v. State,* 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Rather, evidence offered in corroboration need only tend to connect the defendant to the offense. *Smith v. State,* 211 S.W.3d 476, 478 (Tex. App.—Amarillo 2006, no pet.). The phrase "tends to connect" has the ordinary dictionary definition, "to serve, contribute or conduce in some degree or way . . . to have a more or less direct bearing or effect." *Holladay v. State,* 709 S.W.2d 194, 198 (Tex. Crim. App. 1986) (quoting *Boone v. State,* 90 Tex. Crim. 374, 235 S.W. 580, 584 (1921)). Although the mere presence of an accused in the company of the accomplice before, during, and after the commission of the offense, standing alone, is insufficient to corroborate accomplice testimony, evidence of such presence, along with proof of other suspicious circumstances, may tend to connect the accused to the offense. *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). We review the corroborating evidence in the light most favorable to the verdict. *Smith,* 211 S.W.3d at 478. The tends-to-connect standard does not present a high threshold. *Cantelon v. State,* 85 S.W.3d 457, 460-61 (Tex. App.—Austin 2002, no pet.).

We find evidence corroborating R.S.'s testimony in the nurse examiner's testimony, S.S.'s testimony, appellant's recorded telephone conversation with his mother, and in appellant's trial testimony. During his testimony, appellant denied

mentioning anything to R.S. about sexual intercourse but then added, concerning the recorded conversation with his mother:

> When I spoke to my mom about this situation I told my mom I was intending to give her $50—that I was going to give her $50 to f[- - -]. Yes, I did say that. And I meant that. I am so sorry. I shouldn't have even said that to that girl.[3] But for me to know that this girl was and then when the detective told me she was a lot younger than that, I mean, it's—it's entrapment.

Later appellant testified he "was lead to believe the girl was 17 years old." His cross-examination ended with the following colloquy:

> Q [R.S.] said you offered her $50.
>
> A [R.S.] said that just a second ago. Yes, she did, I heard her say that.
>
> Q And you told your mom that's what you did?
>
> A I told my mom that I was going to give a girl $50 to f[- - -], yes, I did tell my mom that. I did. I did. I promise you did I did (sic).

Appellant's contention may be that he told his mother he intended to ask R.S. to have sex with him for $50, but he never uttered the intention to R.S. Thus he could not have requested, commanded, or attempted to induce R.S. However, in separate conversations shortly after their encounter, R.S. and appellant both said he offered her $50 for sex. He told his mother as much, while R.S. told the nurse examiner. S.S. also testified she heard a man ask R.S. if she wanted to make $50 by lying on her back. S.S. also testified he asked R.S. to "come into the room."

The jury was not required to accept appellant's initial denial that he solicited sexual contact from R.S. In its role as judge of the credibility of the witnesses and the

---

[3] During his lengthy testimony, appellant referred to R.S. as "that girl," "the girl," or "this girl."

7

weight given their testimony, the jury was free to accept or reject all or any portion of a witness's testimony. *Gutierrez v. State,* No. 04-12-00349-CR, 2013 Tex. App. Lexis 5329, at *16 (Tex. App.—San Antonio May 1, 2013, no pet.) (mem. op., not designated for publication).

Based on the testimony of appellant, S.S., the nurse examiner, and the recorded conversation, we find the evidence tending to connect appellant with criminal solicitation of R.S., a minor, was sufficient. Appellant's first and second issues are overruled.

Conclusion

The judgment of the trial court is affirmed.


James T. Campbell
Justice

Do not publish.

8